UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN KUNEMUND,

        Plaintiff,

v.

MOUNTAIN VIEW HOSPITAL, *et. al.*,

        Defendants.

2:10-cv-01465-JCM-LRL

**O R D E R**

Before the court is plaintiff's Motion for Appointment of Counsel (#2).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). In this case, plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims, and the facts alleged and issues raised are not of substantial complexity. However, it is difficult to determine whether there is a likelihood of success on the merits of plaintiff's claims at this early stage of the proceeding. Therefore, the court will revisit the issue of appointed counsel once defendants have had an opportunity to respond to the lawsuit.

Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under § 1915. *Mallard v. United States Dist. Court*, 490 U.S. 296, 301 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The court has no funds to pay for attorney fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these

reasons, plaintiff should attempt to procure his own counsel on a contingency, *pro bono*, or other basis, if at all possible.

DATED this 25th day of October, 2010.

*/s/ LR Leavitt*
_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**