UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN KUNEMUND,

    Plaintiff,

v.

MOUNTAIN VIEW HOSPITAL, et al.,

    Defendants.

2:10-CV-1465 JCM (LRL)

**ORDER**

Presently before the court is defendants Tracy Benson's, Mountain View Hospital's, and Rose Smith's motion to dismiss plaintiff's complaint with prejudice. (Doc. #14). The plaintiff has responded (doc. #19), and the defendants replied (doc. #21).

Plaintiff filed the instant complaint on October 25, 2010, alleging three claims for relief: (1) a Title VII claim of retaliation against defendant Mountain View Hospital and the individual defendants, (2) "stalking" against individual defendant Tracy Trainer, and (3) "breaking and entering" against individual defendant Abby Janolino an unnamed party.[1] (Doc. #5). On February

---

[1] The court declines to consider the following purported claims against the individual defendants first-noted in the opposition to the motion to dismiss (doc. #19): N.R.S. § 200.575 against defendant Tracy Trainer, N.R.S. § 205.067 against defendant Abby Janolino, and N.R.S. § 40.750 against defendants Rose Smith and Tracy Benson. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (articulating the general rule that, in considering a motion to dismiss, the court generally considers "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice"). Although plaintiff states in the opposition to the motion to dismiss that those claims were added in an "amendment" to the complaint, no such "amendment" is on file with the court. This court denied plaintiff's motion to

**James C. Mahan**
**U.S. District Judge**

1    18, 2011, the parties met for an early neutral evaluation conference before Magistrate Judge

2    Johnston. (Doc. #42). No settlement was reached, and the case was returned to the normal litigation

3    track. Accordingly, the court now reviews the motions to dismiss on the merits.

4      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

5    as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

6    1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a

7    complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the

8    line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.

9    at 557). However, where there are well pled factual allegations, the court should assume their

10   veracity and determine if they give rise to relief. *Id.* at 1950.

11   **I. Claim 1: Title VII of the Civil Rights Act of 1964**

12     Plaintiff's first claim for relief alleges that the individual defendants retaliated against him

13   in violation of Title VII of the Civil Rights Act of 1964 for filing a complaint against defendant

14   Mountain View Hospital. (Doc. #5, p. 4). Specifically, plaintiff alleges that the defendants broke into

15   his home, stalked him, interfered with future employment opportunities, and tried to manipulate him

16   into dropping his complaint. (*Id.*). The defendants urge the court to dismiss the complaint with

17   prejudice, arguing that Title VII does not support a claim against the individual defendants.

18     To establish retaliatory discharge under Title VII, an employee must show (1) he engaged in

19   a protected activity, (2) he was subsequently subjected to an adverse employment action, and (3) that

20   a causal link exists between the two. *Dawson v. Entek Intern.*, 630 F.3d 928, 936 (9th Cir. 2011).

21   However, such an action may be properly alleged only against an employer, as "[t]he statutory

22   scheme itself indicates that Congress did not intend to impose individual liability on employees."

23   *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

24     Here, the plaintiff has alleged that he engaged in a protected activity by filing a complaint

25   and that he was subsequently subjected to negative treatment by the individual defendants. This

26   ---

27   amend his complaint (doc. #39), and any proposed additions made therein are not considered by the
28   court as it now addresses the instant motion to dismiss.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  claim must fail as Title VII imposes only liability on employers, not employees, and the motion to
2  dismiss is granted with prejudice as to the individual defendants.

3  **II.     Claims 2 and 3: Section 1983**

4  The defendants have interpreted the final two claims for relief as alleging violations of
5  plaintiff's civil rights under 42 U.S.C. § 1983. Although the plaintiff has not cited 42 U.S.C. § 1983
6  in the substance of the claims, the complaint, titled "Civil Rights Complaint pursuant to 42 U.S.C.
7  § 1983," suggests that defendants' assumption is correct.

8  Specifically, plaintiff's second claim alleges that individual defendant Tracy Trainer violated
9  his civil rights by stalking him while his complaint against Mountain View Hospital was being
10 investigated. (Doc. #5, p. 5). Plaintiff states that Trainer drove around his neighborhood, drove past
11 his house, and stared at him. (*Id.*). Plaintiff's third claim alleges that "a friend or relative of Abby
12 Janolino's invaded my home when I was not home to send me a message that I better drop the case
13 against her." (Doc. #5, p. 6).

14 To state a claim for relief under § 1983, the plaintiff must establish that he was "deprived of
15 a right secured by the Constitution or laws of the United States, and that the alleged deprivation was
16 committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).
17 "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct,
18 no matter how discriminatory or wrongful." *Id.* at 50 (internal citations omitted). Accordingly,
19 plaintiff must show that the "allegedly unconstitutional conduct is fairly attributable to the State."
20 *Id.* at 50.

21 The defendants move to the court to dismiss both claims two and three with prejudice
22 because the individual defendants were not acting under color of state law when the alleged
23 violations occurred. Plaintiff seemingly agrees with this argument as to the individual defendants,
24 stating that "[o]nly defendant Mountain View hospital is being sued under 42 U.S.C. § 1983." (Doc.
25 #19, p. 2).

26 The court accepts plaintiff's representation that it does not wish to pursue a § 1983 claim
27 against any of the individual defendants. However, even if such a claim were alleged, the court

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  agrees with the defendants in concluding that the claims should be dismissed as plaintiff has failed
2  to allege that any individual defendant was acting under color of state law.

3  Additionally, the court does not read the complaint as implicating defendant Mountain View
4  Hospital in either claim two or three. Following the general rule that only the face of the complaint
5  is considered in evaluating a motion to dismiss, *Outdoor Media Group, Inc.*, 506 F.3d at 899, the
6  plaintiff has failed to state a viable claim for relief under § 1983 at this time. However, the court
7  declines to hold that no set of facts exists by which plaintiff may properly state these claims, as
8  would be required to dismiss with prejudice. Instead, the court grants the motion to dismiss without
9  prejudice as to claims two and three.

10  Accordingly,

11  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
12  dismiss is GRANTED. Claim one is dismissed with prejudice as to the individual defendants, Tracy
13  Benson, Tracy Trainer, Abby Janolino, and Rose Smith; claims two and three are dismissed without
14  prejudice as to all defendants.

15  DATED March 3, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -